FILED

2008 JUN 12 AM 8:34

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| K.C., on behalf of herself and all others similarly situated, et. al, <br><br> Plaintiffs, <br><br> v. <br><br> Richard Nedelkoff, in his official capacity as Conservator of the Texas Youth Commission, et. al, <br><br> Defendants. | Civil No. <br> Hon. **A08CA 456SS** <br><br> **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

Plaintiffs hereby move this Court for class certification pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. Plaintiffs move for certification of a class of individuals defined as: **"all girls and young women who are now or in the future will be confined in Brownwood State School."** Plaintiffs also request that plaintiffs' counsel be appointed to represent the certified class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

### Memorandum in Support of Plaintiffs' Motion for Class Certification

Plaintiffs submit this memorandum in accordance with Rule CV-23 and Appendix A of the Local Court Rules of the United States District Court for the Western District of Texas.

1. *Brief Statement of the Case*: This is a civil rights action brought by currently incarcerated girls on behalf of all girls and young women who are now or in the future will be confined in Brownwood State School ("Brownwood"), a youth prison operated by the Texas Youth Commission ("TYC"). This action challenges the TYC

policies and practices permitting the imposition of punitive solitary confinement on girls in the absence of an immediate threat of physical injury. This action also challenges the routine and unwarranted strip searching of incarcerated girls. Plaintiffs allege that both practices are injurious to girls and inhibit rehabilitation, and that by maintaining such policies and practices, TYC violates the girls' rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiffs further allege that such policies and practices violate customary international law, including laws extending special protections to children, and those prohibiting torture and other forms of cruel, inhuman, and degrading treatment or punishment.

2. *Statement Defining the Proposed Class, Including Geographical and Temporal Scope*: Plaintiffs move for certification of a class of individuals defined as: "all girls and young women who are now or in the future will be confined in Brownwood State School." Class membership is defined by gender (female), and by confinement by TYC in a particular youth prison (Brownwood State School). The geographical scope of the class is, therefore, limited to the grounds of the Brownwood State School. Temporally, the class begins in the present and extends into the future, until defendants' unlawful policies and practices are abandoned.

3. *Description of Plaintiffs' Grievance and Why It Qualifies Plaintiffs as Members of the Class as Defined*: Each of the five named plaintiffs in this action is a girl or young woman currently confined in Brownwood. Each plaintiff is subject to the policies and practices of defendants, namely, punitive solitary confinement and routine strip searching, and each plaintiff has in fact been subjected to each of these practices on numerous occasions. Each plaintiff has suffered and will continue to suffer actual injury

as a result of defendants' policies and practices as set forth in the concurrently filed complaint. As such, each plaintiff falls squarely within the definition of the proposed class.

4. *Appropriateness of Certification as a Class Action under Rule 23(b)(2)*: Rule 23(b)(2) of the Federal Rules of Civil Procedure provides for certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Here, plaintiffs seek no money damages, but instead seek declaratory and injunctive relief against certain policies and practices of defendants, because such policies and practices violate the Fourth, Fifth, Eighth, and Fourteenth Amendment rights of each girl and young woman committed to TYC custody and incarcerated in Brownwood. The challenged policies and practices, namely, punitive solitary confinement and routine strip searching, are official agency policies effectuated daily in Brownwood. This is a paradigmatic Rule 23(b)(2) case, because it is a civil rights action seeking to enjoin policies and practices of a government agency that are harmful to all members of the proposed plaintiff class. *See, e.g., Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979) ("It is well established that civil rights actions are the paradigmatic 23(b)(2) class suits, for they seek classwide structural relief that would clearly redound equally to the benefit of each class member."). This case therefore meets the requirements of Rule 23(b)(2).

5. *Appropriateness of Certification as a Class Action under Rule 23(a)*:

a. *The anticipated number of class members and how this number was determined*: The anticipated number of class members is approximately 150. In

October 2007, and again in June 2008, plaintiffs, through inquiries made to TYC, determined that the number of girls held in Brownwood was approximately 150. The number of girls confined in Brownwood at any time fluctuates slightly as some girls are released and others are newly confined. Such ordinary fluctuation is likely to continue in the future.

b. *The common questions of law and/or fact involved*: Under rule 23(a)(2), a single common question suffices to support class certification. Newberg and Conte, *Newberg on Class Actions*, § 3.12, at 3-69 (3d ed. 1992). In this case, virtually every material issue of fact and law is common to the class. As to questions of fact, this lawsuit asserts that TYC subjects all girls in its custody, including each of the named plaintiffs, to solitary confinement and unwarranted strip searches. The legal question raised is whether these practices violate girls' rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment to the United States Constitution, and whether they violate customary international law. Accordingly, this action satisfies the commonality requirement of Rule 23(a)(2).

c. *The reasons why plaintiffs' claims are typical of those of the other class members*: The "typicality" requirement of Rule 23(a)(2) is met when the representatives' claims arise from the same event or course of conduct as the claims of the class, and are based on the same legal theories as the claims of the class. Newberg, § 3.15, at 3-78. The existence of factual differences pertaining to individual class members does not preclude a finding of typicality. *Id.* In this case, the five named plaintiffs' claims arise from the same course of conduct as the claims of the putative class members and are based on the same legal theories as the claims of the class, namely that specific policies

and practices employed in Brownwood constitute violations of domestic and international law. While the factual details of each girl's experience necessarily differ, proving constitutional violations by the defendants does not depend on the individual circumstances of any particular child. Instead, each girl is subject to the same policies and practices challenged in this lawsuit, and each relies on the same constitutional and international legal principles in pursuing her claim. Therefore, the typicality requirement is satisfied.

      d. *The reason why representation by the named plaintiffs is adequate to protect the interests of the class*:

         i. *whether the claims of the named plaintiffs presently or potentially conflict with those of any members of the class:* The claims of the named plaintiffs are identical to those of the class. They do not presently or potentially conflict with those of the class.

         ii. *whether the claims of the class require subclasses presently or in the future:* Subclasses are not presently required, nor are they likely to be required in the future.

         iii. *the prior experience of counsel for plaintiffs indicating their capability to handle the lawsuit:* Plaintiffs are represented by attorneys of the American Civil Liberties Union Foundation (ACLU) who individually and collectively have prior experience enabling them effectively to prosecute this action. Mie Lewis, an attorney in the ACLU Women's Rights Project (ACLU-WRP), specializes in the rights of women and girls in prison with a particular focus on conditions of confinement. She is lead counsel in *Jones v. Hayman* (C-123-07), an action proceeding in New Jersey

Superior Court challenging the discriminatory conditions of confinement to which women prisoners are subjected. Lenora Lapidus, Director of ACLU-WRP, is an experienced litigator in the areas of gender discrimination law and civil rights law in general. Lisa Graybill, Legal Director of the ACLU Foundation of Texas (ACLU-TX), has litigated numerous conditions of confinement cases. As a Trial Attorney for the Special Litigation Section of the United States Department of Justice Civil Rights Division she worked on cases involving the conditions of confinement in the Commonwealth of Puerto Rico Juvenile Justice System, the Santa Fe, New Mexico Jail and the Patrick County, Virginia Jail. At the ACLU-TX, she served as co-counsel on *In re Hutto Family Detention Center*, CV. No. 1:07-00164 (W.D. Tx 2007), a case concerning the conditions of confinement for immigrant children in the custody of the Department of Homeland Security. Steven Watt, an attorney with the ACLU Human Rights Program, has since 2002 litigated cases in federal courts involving the domestic incorporation of international human rights standards. Elizabeth Alexander is the Director of the National Prison Project of the ACLU (ACLU-NPP), the only national litigation program on behalf of prisoners. She has decades of experience litigating federal class actions regarding prison and jail conditions.

    iv. *whether counsel is presently representing or has at any time represented a class in any other class action, and if so, when and how many instances*: Mie Lewis currently represent the proposed plaintiff class in *Jones v. Hayman*. Lenora Lapidus has represented plaintiffs in over fifty class actions from 1992 through the present. Lisa Graybill has not represented a class in any other action. Steven

Watt has represented a class on one previous occasion. Elizabeth Alexander has represented plaintiff classes in numerous cases over a period of decades.

      v. *The number of cases plaintiffs' counsel is now handling in which class action allegations are made*: Mie Lewis is now handling one case in which class allegations are made. Lenora Lapidus is now handling six such cases. Lisa Graybill and Steven Watt are handling no other class actions. Elizabeth Alexander is currently handling three class actions.

    6. *Other Pending Actions in any Court Against Defendants Alleging the Same or Similar Causes of Action*: Another action, *Galloway v. Delgado* (07-CV-276-LY), is currently pending against TYC, but it involves plaintiffs distinct from the plaintiff class in the instant case, and asserts distinct causes of action. *Galloway* asserts claims on behalf of three boys, none of whom are confined in Brownwood State School. The case is styled as a class action, but no motion for class certification was ever filed. Richard Nedelkoff, conservator of TYC, is named as a defendant in *Galloway*, but the other named defendants, several guards and other TYC employees in or otherwise responsible for conditions in the boys' facilities at issue in the suit, are distinct from those in this action. The claims alleged in *Galloway* also differ from those asserted here. The *Galloway* plaintiffs bring claims under the Americans with Disabilities Act, 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. § 794. Third Am. Compl., ¶ 2. The civil rights claims asserted in *Galloway* under 42 U.S.C. § 1983 concern physical and sexual assaults against the plaintiffs by TYC guards and other children, denials of due process, denials of the right to counsel, cruel and unusual punishment, compelled self-

incrimination, and retaliation. *Id.*, ¶ 3. The *Galloway* case is currently in settlement negotiations.

   7. *Whether the Attorneys for the Named Plaintiff Have Discussed and Thoroughly Explained to the Plaintiffs the Nature of a Class Action and Potential Advantages and Disadvantages to the Named Plaintiff by Proceeding in a Class Action Rather than Individually*: Yes.

   8. *Proposed Notices to Class Members and How and When the Notices Will Be Given, Including a Statement Regarding Security Deposit for the Cost of Notice*: If this Court, in its discretion, determines that notice of certification should be made to all class members, plaintiffs propose that notice to girls currently held in Brownwood be accomplished by means of a one to two page document, delivered to girls by TYC staff, explaining in terms intelligible to children that a lawsuit has been filed and that class certification has been granted. This notice should include the names and contact information of plaintiffs' counsel so that any member of the class may contact plaintiffs' counsel with questions or concerns. Additional notice may be made to the class members' guardians via a notice posted prominently on the TYC website. If this Court deems it necessary, notice may also be mailed to each guardian individually, utilizing the records of children's guardians and their addresses maintained by TYC. If so ordered, plaintiffs are prepared to submit to the Court a security deposit amounting to estimated photocopying costs and bulk mail postage costs.

   9. *The Extent of Any Previous Settlement Negotiations and the Likelihood of Settlement with the Named Plaintiff on an Individual Basis*: Settlement with the named plaintiffs alone is unlikely, because plaintiffs' individual claims are identical to those

asserted on behalf of the class, and the relief requested by the named plaintiffs, namely the abandonment by defendants of the unlawful and injurious policies described in the complaint, would settle the claims of all class members. Eventual settlement between the plaintiff class as a whole and defendants is, however, likely. Plaintiffs have initiated contact with defendants regarding the policies and practices at issue in this case, and expect that this case may be resolved on behalf of the entire class through settlement negotiations.

10. *Any Other Matters Necessary and Proper to the Expedition of a Decision on the Motion and the Speedy Resolution of the Case on the Merits:* None.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for class certification pursuant to F.R.C.P. 23(a) and (b)(2) should be granted, and plaintiffs' counsel should be appointed to represent the certified class pursuant to Rule 23(g).

Respectfully submitted,

_____
Lisa Graybill
Texas State Bar No. 24054454
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF TEXAS
P.O. Box 12905
Austin, TX 78711
Telephone: (512) 478-7300
Fax: (512) 478-7303
lgraybill@aclutx.org

Mie Lewis*
Lenora M. Lapidus
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
Telephone: (212) 519-7848
Fax: (212) 549-2580
mlewis@aclu.org
llapidus@aclu.org

Steven M. Watt
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
HUMAN RIGHTS PROGRAM
125 Broad St., 18th Floor
New York, NY 10004
Telephone: (212) 519-7870
Fax: (212) 549-2580
swatt@aclu.org

Elizabeth Alexander
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
733 15th St, NW, Suite 620
Washington, D.C. 20005
Telephone: (202) 393-4930
Fax: (202) 393-4931

* *indicates* pro hac vice *motion pending*

Dated: June 12, 2008