IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| K.C., on behalf of herself and all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Richard Nedelkoff, in his official capacity as Conservator of the Texas Youth Commission, et al., <br><br> Defendants. | Civil No. 1:08-cv-00456-SS <br><br> Hon. Sam Sparks <br><br> **PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

Plaintiffs hereby move this Court for class certification pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. Plaintiffs move for certification of a class defined as: **"all girls and young women who are now or in the future will be confined in Brownwood State School."** Plaintiffs also request that Plaintiffs' counsel be appointed to represent the certified class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

<u>**Memorandum in Support of Plaintiffs' Motion for Class Certification**</u>

Plaintiffs submit this memorandum in accordance with CV-23 and Appendix A of the Local Court Rules of the United States District Court for the Western District of Texas.

1. *Brief Statement of the Case*: This is a civil rights action brought by currently incarcerated girls on behalf of all girls and young women who are now or in the future will be confined in Brownwood State School ("Brownwood"), also known as Ron Jackson State Juvenile Correctional Complex, a youth prison operated by the Texas Youth Commission ("TYC"). This action challenges the TYC policies and practices permitting the imposition of punitive solitary confinement on girls in the absence of an immediate threat of physical injury.

This action also challenges the routine and unwarranted invasive strip and pat searching of incarcerated girls. Plaintiffs allege that both practices are injurious to girls and inhibit rehabilitation, and that by maintaining such policies and practices, TYC violates the girls' rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiffs further allege that such policies and practices violate customary international law, including laws extending special protections to children, and those prohibiting torture and other forms of cruel, inhuman, and degrading treatment or punishment.

2. *Statement Defining the Proposed Class, Including Geographical and Temporal Scope*: Plaintiffs move for certification of a class of individuals defined as: "all girls and young women who are now or in the future will be confined in Brownwood State School." Class membership is defined by gender (female), and by current or future confinement by TYC in a particular youth prison (Brownwood State School). The geographical scope of the class is, therefore, limited to the grounds of the Brownwood State School. Temporally, the class begins in the present and extends into the future, until Defendants' unlawful policies and practices are ended.

3. *Description of Plaintiffs' Grievance and Why It Qualifies Plaintiffs as Members of the Class as Defined*: Each of the named Plaintiffs in this action is a girl or young woman currently confined in Brownwood and therefore in the custody of TYC.[1] Each Plaintiff is subject to the policies and practices of Defendants—namely, punitive solitary confinement and routine invasive body searching—and each Plaintiff has in fact been subjected to each of these practices on numerous occasions. Each Plaintiff has suffered and will continue to suffer actual injury, or be at imminent risk of actual injury, as a result of Defendants' policies and practices as set forth

---

[1] Two of the original five Plaintiffs—F.T. and N.E—are no longer confined in Brownwood. Only those named Plaintiffs who are currently confined—K.C., T.R., and H.C.—seek to represent the class.

in the First Amended Complaint. As such, each Plaintiff falls squarely within the definition of the proposed class.

    4. *Appropriateness of Certification as a Class Action under Rule 23(b)(2)*: Rule 23(b)(2) of the Federal Rules of Civil Procedure provides for certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Here, Plaintiffs seek no money damages, but instead seek declaratory and injunctive relief against certain policies and practices of Defendants, because such policies and practices violate the Fourth, Eighth, and Fourteenth Amendment rights of each girl and young woman committed to TYC custody and incarcerated in Brownwood. The challenged policies and practices—namely, punitive solitary confinement and intrusive body searches—are official agency policies effectuated daily in Brownwood. This is a paradigmatic Rule 23(b)(2) case, because it is a civil rights action seeking to enjoin policies and practices of a government agency that are harmful to all members of the proposed plaintiff class. *See, e.g., Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979) ("It is well established that civil rights actions are the paradigmatic 23(b)(2) class suits, for they seek classwide structural relief that would clearly redound equally to the benefit of each class member."). This case therefore meets the requirements of Rule 23(b)(2).

    5. *Appropriateness of Certification as a Class Action under Rule 23(a)*:

        a. *The anticipated number of class members and how this number was determined*: The anticipated number of class members is approximately 150, and is equal to the population of girls held at Brownwood.[2] The class also includes an unknown number of girls

---

[2] Although Defendants in their Answer assert that there are insufficient numbers of putative class members, Defs.' Answer ¶ 42, Defendants misapprehend the numerosity requirement. Defendants' objection that Plaintiffs'

who will be confined in Brownwood in the future and will be subjected to the challenged policies. Plaintiffs determined the average population of Brownwood in October 2007, and again in June 2008, through inquiries to TYC. The number of girls in Brownwood at any given time fluctuates slightly as some girls are released and others are newly confined. This minor fluctuation is likely to continue.

      b. *The common questions of law and/or fact involved*: Under Rule 23(a)(2), a single common question suffices to support class certification. Herbert Newberg & Alba Conte, 1 *Newberg on Class Actions* § 3.12, at 3-69 (3d ed. 1992). In this case, virtually every material issue of fact and law is common to the class.[3] As to questions of fact, this lawsuit asserts that all girls in TYC custody, including each of the named Plaintiffs, experience or are at risk of experiencing solitary confinement and unwarranted body searches executed pursuant to TYC policies and practices. The legal question raised is whether these practices violate girls' rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and whether they violate customary international law. Moreover, commonality of conditions, combined with the difficulties inherent in individual prisoner litigation (compounded here by the youth of the prisoners), makes class certification "an especially appropriate vehicle in civil rights actions seeking . . . declaratory relief for prison . . . reform." *Coley v. Clinton*, 635 F.2d 1364,

---

behavioral histories "are unique to them," is irrelevant to the numerosity requirement. *See James v. City of Dallas*, 254 F.3d 551, 570 (5th Cir. 2001) (finding no abuse of discretion when district court certified a class based on allegation in complaint that class had 100 members); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 620 (5th Cir. 1999) (holding that district court did not abuse its discretion in certifying a class that had between 100 and 150 members; citing with approval Herbert Newberg & Alba Conte, 1 *Newberg on Class Actions* § 3.05, at 3-25 (3d ed. 1992), that a class of 40 raises a presumption that joinder is impractical). Plaintiffs allege that that there are approximately 150 putative class members at any given time.

[3] As they do with respect to their numerosity argument, Defendants attempt to present a typicality argument as relevant to one of the other class requirements—here, commonality. Defs.' Answer ¶ 43. The appropriate inquiry is whether "there are questions of law *or* fact common to the class." Fed. R. Civ. P. 23(a)(2) (emphasis added). Rule 23 does not require that each plaintiff's circumstances be identical; it merely requires that the plaintiffs share questions of either law or fact in common with the putative class members. In this case, Plaintiffs and the members of the putative class share common questions of law *and* fact. Pls.' First Am. Compl. ¶¶ 7–17.

1378 (8th Cir. 1980); *see also Hassine v. Jeffries*, 846 F.2d 169, 178 (3d Cir. 1988). Accordingly, this action satisfies the commonality requirement of Rule 23(a)(2).

      c. *The reasons why Plaintiffs' claims are typical of those of the other class members*: The "typicality" requirement of Rule 23(a)(3) is met when the representatives' claims arise from the same event or course of conduct as the claims of the class, and are based on the same legal theories as the claims of the class. Newberg, *supra*, § 3.15, at 3-78. Contrary to Defendants' assertions, Defs.' Answer ¶ 44, "[t]ypicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class." *James*, 254 F.3d at 571. Plaintiffs meet the typicality requirement because each named Plaintiff's claims arise from the same course of conduct as the claims of the putative class members and are based on the same legal theories as the claims of the class, namely that specific policies and practices employed in Brownwood constitute violations of domestic and international law. While the factual details of each girl's experience necessarily differ, proving Defendants' constitutional violations does not depend on the individual circumstances of any particular child.[4] Therefore, the typicality requirement is satisfied.

      d. *The reason why representation by the named Plaintiffs is adequate to protect the interests of the class*:

          i. *whether the claims of the named Plaintiffs presently or potentially conflict with those of any members of the class:* The claims of the named Plaintiffs are identical

---

[4] As a result of Defendants' policies and practices, all the putative class members are at risk of having their rights violated by being placed in punitive solitary conditions for behavior that does not justify such treatment and by enduring invasive body searches. The fact that not all of the girls have yet suffered from such policies and practices does not mean that they are not at risk from those illegal policies and practices. *Cf. Helling v. McKinney*, 509 U.S. 25, 33 (1993) (court may enjoin possible future harm to prisoner even if prisoner has not yet suffered injury). Thus, there is no relevant difference in the standing of girls who have not yet suffered from Defendants' policies and those girls who have actually been harmed by those policies.

to those of the class. They do not presently or potentially conflict with those of the class. Defendants' assertion that the interests of the named Plaintiffs are in opposition to those of the putative class members, Defs.' Answer ¶ 45, misconstrues the nature of the relief sought. All girls in TYC custody have an interest in being free from the abusive policies and practices Plaintiffs challenge.

      ii. *whether the claims of the class require subclasses presently or in the future:* Subclasses are not presently required, nor are they likely to be required in the future.

      iii. *the prior experience of counsel for Plaintiffs indicating their capability to handle the lawsuit:* Plaintiffs are represented by attorneys of the American Civil Liberties Union Foundation (ACLU) and others who individually and collectively have prior experience enabling them effectively to prosecute this action. Mie Lewis, an attorney in the ACLU Women's Rights Project (ACLU-WRP), specializes in the rights of women and girls in prison with a particular focus on conditions of confinement. Lenora Lapidus, Director of ACLU-WRP, is an experienced litigator in the areas of gender discrimination law and civil rights law in general. Elizabeth Alexander is the Director of the National Prison Project of the ACLU (ACLU-NPP), the only national litigation program on behalf of prisoners. She has decades of experience litigating federal class actions regarding prison, jail, and juvenile confinement conditions. Steven Watt, an attorney with the ACLU Human Rights Program (ACLU-HRP), has since 2002 litigated cases in federal courts involving the domestic incorporation of international human rights standards. Lisa Graybill, Legal Director of the ACLU Foundation of Texas (ACLU-TX), has litigated numerous conditions of confinement cases. As a Trial Attorney for the Special Litigation Section of the United States Department of Justice Civil Rights Division she worked on cases involving the conditions of confinement in the Commonwealth of Puerto Rico Juvenile

Justice System, the Santa Fe, New Mexico Jail and the Patrick County, Virginia Jail. At the ACLU-TX, she served as co-counsel on *In re Hutto Family Detention Center*, CV. No. 1:07-00164 (W.D. Tex. 2007), a case concerning the conditions of confinement for immigrant children in the custody of the Department of Homeland Security. Deborah LaBelle, an independent practitioner, has served as class counsel in numerous class actions in both state and federal court and has handled several cases relating to the rights of prisoners. Steven Daniels, Gretchen Sween, Robert Cohen and Erika Gellert are all experienced litigators.

      iv. *whether counsel is presently representing or has at any time represented a class in any other class action, and if so, when and how many instances*: Mie Lewis is lead counsel in *Jones v. Hayman*, No. C-123-07, a class action proceeding in New Jersey Superior Court challenging the discriminatory conditions of confinement to which women prisoners are subjected. Lenora Lapidus has represented plaintiffs in dozens of class actions from 1992 through the present. Elizabeth Alexander has represented plaintiff classes in numerous cases over a period of decades. Deborah LaBelle is currently lead counsel in two certified class actions and has served as class counsel in numerous class actions from 1989 through the present. Steven Watt and Gretchen Sween have each represented a class on one previous occasion. Lisa Graybill, Steven Daniels, Robert Cohen, and Erika Gellert have not represented a class in any other action.

      v. *The number of cases Plaintiffs' counsel is now handling in which class action allegations are made*: Mie Lewis is now handling one case in which class allegations are made. Lenora Lapidus is now handling six such cases. Elizabeth Alexander is currently handling four class actions and one additional case in which class action allegations are

made. Deborah LaBelle is now handling one class action. Lisa Graybill, Steven Watt, Gretchen Sween, Steven Daniels, and Erika Gellert are handling no other class actions.

6. *Other Pending Actions in any Court Against Defendants Alleging the Same or Similar Causes of Action*: One case, *Johnson v. Nedelkoff*, No. 6:08–cv–00213–WSS–JCM, is pending against TYC and against Defendant Nedelkoff in his official capacity. *Johnson* asserts a race discrimination claim based on the plaintiff's employment termination. The plaintiff, an African-American woman, was formerly employed by TYC and was fired after a new TYC policy barred employment of people with felony convictions. The plaintiff claims that White employees with criminal records were also fired but later reinstated. The case is not a class action.

7. *Whether the Attorneys for the Named Plaintiff Have Discussed and Thoroughly Explained to Plaintiffs the Nature of a Class Action and Potential Advantages and Disadvantages to the Named Plaintiff by Proceeding in a Class Action Rather than Individually*: Yes.

8. *Proposed Notices to Class Members and How and When the Notices Will Be Given, Including a Statement Regarding Security Deposit for the Cost of Notice*: If this Court, in its discretion, determines that notice of certification should be made to all class members, Plaintiffs propose that notice to girls currently held in Brownwood be accomplished by means of a one to two page document, delivered to girls by TYC staff, explaining in terms intelligible to children that a lawsuit has been filed and that class certification has been granted. This notice should include the names and contact information of Plaintiffs' counsel so that any member of the class may contact Plaintiffs' counsel with questions or concerns. Additional notice may be made to the class members' guardians via a notice posted prominently on the TYC website. If

this Court deems it necessary, notice may also be mailed to each guardian individually, utilizing the records of children's guardians and their addresses maintained by TYC. If so ordered, Plaintiffs are prepared to submit to the Court a security deposit amounting to estimated photocopying costs and bulk mail postage costs.

9. *The Extent of Any Previous Settlement Negotiations and the Likelihood of Settlement with the Named Plaintiff on an Individual Basis*: Settlement with the named Plaintiffs alone is unlikely, because Plaintiffs' individual claims are identical to those asserted on behalf of the class, and the relief requested by the named Plaintiffs, namely the abandonment by Defendants of the unlawful and injurious policies described in the complaint, would settle the claims of all class members. Plaintiffs believe that settlement of the class claims is possible. At the commencement of this lawsuit, Defendants requested that Plaintiffs refrain from service of the Complaint in order to allow for immediate settlement discussions. Although Defendants cancelled a scheduled settlement meeting and Plaintiffs' subsequent attempts to reschedule the meeting have proven unsuccessful, Plaintiffs remain hopeful that the class claims can be resolved through settlement.

10. *Any Other Matters Necessary and Proper to the Expedition of a Decision on the Motion and the Speedy Resolution of the Case on the Merits:* None.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(2) should be granted, and Plaintiffs' counsel should be appointed to represent the certified class pursuant to Rule 23(g).

Respectfully submitted,

BY: /s/ Mie Lewis

    Mie Lewis (admitted *pro hac vice*)
    Lenora M. Lapidus (admitted *pro hac vice*)
    AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    WOMEN'S RIGHTS PROJECT
    125 Broad St., 18th Floor
    New York, NY 10004
    Telephone: (212) 519-7848
    Fax: (212) 549-2580
    mlewis@aclu.org
    llapidus@aclu.org

    Lisa Graybill
    Texas State Bar No. 24054454
    AMERICAN CIVIL LIBERTIES UNION OF TEXAS
    P.O. Box 12905
    Austin, TX 78711
    Telephone: (512) 478-7300
    Fax: (512) 478-7303
    lgraybill@aclutx.org

    Steven M. Watt (admitted *pro hac vice*)
    AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    HUMAN RIGHTS PROGRAM
    125 Broad St., 18th Floor
    New York, NY 10004
    Telephone: (212) 519-7870
    Fax: (212) 549-2580
    swatt@aclu.org

    Elizabeth Alexander (admitted *pro hac vice*)
    AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    NATIONAL PRISON PROJECT
    915 15th St, 6th Fl.
    Washington, D.C. 20005
    Telephone: (202) 393-4930
    Fax: (202) 393-4931
    ealexander@npp-aclu.org

    Deborah LaBelle (admitted *pro hac vice*)
    221 N. Main St., Ste. 300
    Ann Arbor, MI 48104
    Telephone: (734) 996-5620
    Fax: (734) 769-2196
    deblabelle@aol.com

                Steven R. Daniels
                Texas State Bar. No. 24925317
                Gretchen S. Sween
                Texas State Bar No. 24041996
                DECHERT LLP
                301 West 6th Street, Suite 1850
                Austin, TX 78701
                Telephone: (512) 394-3000
                Fax: (512) 394-3001
                steven.daniels@dechert.com
                gretchen.sween@dechert.com

                Robert A. Cohen (admitted *pro hac vice*)
                Erika B. Gellert (admitted *pro hac vice*)
                DECHERT LLP
                1095 Avenue of the Americas
                New York, NY 10036
                Telephone: (212) 698-3500
                Fax: (212) 698-3599
                robert.cohen@dechert.com
                erika.gellert@dechert.com

Dated: December 9, 2008

## CERTIFICATE OF SERVICE

I, MIE LEWIS, hereby certify that on December 9, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send a notification of such filing to all counsel of record who have registered in accordance with the Local Rules. I further certify that a courtesy copy of the foregoing was forwarded to Bruce Garcia, Assistant Attorney General and the Attorney in Charge for Defendants by first-class U.S. mail.

/s/ *Mie Lewis*
Mie Lewis