IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2008 DEC 31   AM 11: 56

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
              DEPUTY

K.C., on behalf of herself and all others similarly
situated, et al.,

                Plaintiffs,

-vs-

                    Case No. A-08-CA-456-SS

RICHARD NEDELKOFF, in his official capacity
as Conservator of the Texas Youth Commission, et
al.,

                Defendants.

_____

## O R D E R

BE IT REMEMBERED on the 31ˢᵗ day of December 2008 the Court reviewed the file in

the above-styled cause, and specifically Defendants' Motion to Transfer Venue [#36] Plaintiffs'

response in opposition [#41], and Defendants' reply thereto [#46]. Having considered the motion

and the response, the case file as a whole, and the relevant law, the Court enters the following order.

### BACKGROUND

This lawsuit arises out of allegedly unconstitutional policies and procedures in place at the

Ron Jackson State Juvenile Correctional Complex in Brownwood, Texas (the "Brownwood

facility"). First Am. Compl. [#21] at ¶ 1. The facility is a youth prison exclusively for females,

operated by the Texas Youth Commission ("TYC"). *Id.* Plaintiffs in the present case are five female

juveniles "currently confined in [the Brownwood facility]."[1] *Id.* at ¶ 7. Plaintiffs allege that certain

policies and procedures in place at the Brownwood facility—including punitive solitary confinement

_____

[1]Plaintiffs' renewed motion for class certification is currently pending before the Court.

and invasive searches—violate the civil rights of the females confined within the facility. Accordingly, Plaintiffs have sued Richard Nedelkoff, the Conservator of TYC; Cherie Townsend, the Executive Director of TYC; James Smith, the Deputy Commissioner for Residential and Parole Service of TYC; and Teresa Stroud, the superintendent of the Brownwood facility (collectively, "Defendants"). *Id.* at ¶¶ 18-22.

Plaintiffs brought this lawsuit in the Western District of Texas because "one or more defendants reside in the Western District of Texas, and a substantial part of the events or omissions giving rise to the claims herein asserted occurred in the Western District of Texas." *Id.* at ¶ 6. Defendants challenge Plaintiffs' choice of venue, alleging the case should be transferred the Northern Division of Texas, either to the San Angelo or Abilene divisions (which are 90 and 80 miles from Brownwood, respectively). The Brownwood facility is located within the Northern District of Texas, San Angelo Division.

## ANALYSIS

### I.      Transfer of Venue Standard

Defendants move to transfer the case for the convenience of parties and witnesses under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Duren v. Barrack*, 376 U.S. 612, 622 (1964)). The Court must consider whether a transfer is convenient and in the interests of justice pursuant to § 1404(a).

Because a plaintiff has the privilege of choosing the venue in which to file, the defendant bears the burden of proving a transfer of venue would be "clearly" more convenient for the parties and witnesses and would be in the interest of justice. *See In re Volkswagen of Am. Inc.*, 506 F.3d 376, 384 (5th Cir. Oct. 24, 2007); *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) ("[t]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."). "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Volkswagen*, 506 F.3d at 384.

The preliminary question in a change of venue motion is "whether the suit could have been filed originally in the destination venue." *Id.* at *3. After determining the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974). The private interest factors include: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of compulsory process; and (5) the possibility of delay and prejudice if transfer is granted.[2] *Robertson v. Kiamichi R.R. Co., L.L.C.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999). The public interest factors include (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

---

[2] The Fifth Circuit has stated the location of counsel is irrelevant to the venue analysis and an improper factor for courts to consider. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

Recently, the Fifth Circuit in *In re Volkswagen* considered the proper standard for transfer of venue. 506 F.3d at 376. In *Volkswagen*, the defendants moved for, and were denied by the district court, a transfer of venue from the Marshall Division of the Eastern District of Texas to the Dallas Division of the Northern District of Texas. *Id.* at 379. The defendants asserted transfer should be granted because: 1) the car was purchased in Dallas County; 2) the accident occurred in Dallas; 3) Dallas residents witnessed the accident; 4) Dallas police and paramedics were involved; 5) the autopsy was performed by a Dallas doctor; 6) the third-party defendant lived in Dallas; 7) none of the parties or witnesses lived in the Marshall Division; and 8) none of the events occurred in the Marshall Division. *Id.* at 378-79. The Fifth Circuit recognized a history of conflicting precedent with regard to the proper deference to be given to a plaintiff's choice of forum. *Id.* at 381-84. The Court rejected the standard that the moving party must show that convenience and justice "substantially" favor transfer, instead holding that "a party seeking transfer 'must show good cause'" and therefore transfer must be granted "[w]hen the transferee forum is clearly more convenient." *Id.* at 384.

## II.     Transfer to the Northern District of Texas

The preliminary question in a change of venue motion is "whether the suit could have been filed originally in the destination venue." *Volkswagen*, 506 F.3d at 380. 28 U.S.C. 1391(b) provides the basic standards for where a civil action founded on federal question jurisdiction, such as this one, may be brought:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,

> or (3) a judicial district in which any defendant may be found, if there is no district
> in which the action may otherwise be brought.

Because the Brownwood facility is located in the San Angelo Division of the Northern District of Texas, and Plaintiffs' petition focuses entirely on policies and procedures in place at the facility and events which occurred there, this suit might have properly been brought in the San Angelo Division of the Northern District of Texas. Plaintiffs have not contested that the suit could have been filed originally in that district.

After determining the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974).[3] In the present case, the private factors weigh in favor of transfer. First, with regard to ease of access to proof, the documents, physical evidence, and the incident site itself are all located in the San Angelo Division of the Northern District. Although Plaintiffs contend the case concerns statewide TYC policies and procedures, the Brownwood facility is undeniably at the center of this lawsuit, and is the place where all the complained-of policies were implemented and the substantial portion of events giving rise to the lawsuit occurred. Plaintiffs' argument simply lacks support, as no other TYC facility is even mentioned in Plaintiffs' First Amended Complaint. The only plausible act or omission that occurred in Austin would be, perhaps, final approval of general, state-wide TYC policies and procedures, but

---

[3]Again, the private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendants for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen*, 506 F.3d at 380 (internal citations omitted). The public interest factors include (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

their application to the Plaintiffs (for instance, the allegedly invasive searches) undeniably took place in Brownwood.

Because both parties represent it is unlikely witnesses will have to be compelled to testify, the second factor is irrelevant. However, the third factor is highly relevant due to the fact that some of the willing witnesses will be female juveniles housed in Brownwood, who would have to be moved to Austin and housed in a secure facility overnight in order to appear at a trial in this District (no doubt at great taxpayer expense). The convenience of the witnesses has been cited as the most important factor in determining whether a case should be transferred pursuant to § 1404(a). *See Contintental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992). Because all of the female juveniles, the juvenile corrections officers, the mental health staff, and the administrators and security personnel whose testimony will be key to this case live and work in Brownwood, the Court finds this factor weighs strongly in favor of transfer. Plaintiffs do not deny this is the case. Plaintiffs do state it will be more difficult for expert witnesses to get to a smaller venue, such as San Angelo, than to Austin, but the Court finds this reasoning unconvincing. If the experts already have to travel into Texas by air, it is hard to believe Austin will be significantly more convenient for those experts than San Angelo, which also has an airport. Plaintiffs also state a transfer to the Northern District would make traveling more inconvenient for two of the Defendants, who currently reside in Austin. But because it is Defendants who bring this motion to transfer, and there are only two who live in Austin, the Court finds this argument entirely outweighed by the aforementioned considerations.

The relevant public factors also weigh in favor of transfer. First, as to court congestion, Plaintiffs concede the Austin Division of the Western District has a docket with far more cases than

either the San Angelo or Abilene Divisions. The Austin Division received 1,051 civil case filings in 2007 alone. On the other hand, Plaintiffs' highest estimate of the civil cases filed in Abilene and San Angelo per year are 100 and 200 civil cases per year, respectively. Secondly, the San Angelo Division of the Northern Division has far more local interest in adjudicating a case about actions which occurred on a facility located within its geographical borders than the Western District does. Each of the Plaintiffs is housed in the San Angelo Division of the Northern District and any changes to be implemented in the operation of the Brownwood facility will necessarily be implemented at that facility. Thus, the local interest factor weighs in favor of transfer. The other public interest factors, the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems in conflict of laws, do not apply in this case. In conclusion, because all the relevant factors are in favor of a transfer, the Court finds the case should be transferred to the Northern District of Texas, San Angelo Division, for the convenience of parties and witnesses and in the interest of justice.

### CONCLUSION

In accordance with the foregoing,

IT IS ORDERED that Defendants' Motion to Transfer Venue [#36] is GRANTED.

IT IS FURTHER ORDERED that the above-styled case be TRANSFERRED to the Northern District of Texas, San Angelo Division.

SIGNED this the 31st day of December 2008.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

-7-