IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| K.C., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD NEDELKOFF, in his official | ) |
| capacity as Conservator of the Texas | ) |
| Youth Commission, et al., | ) |
| | ) Civil Action No. 6:09-CV-012-C |
| Defendants. | ) ECF |

**ORDER**

On this day, the Court considered the Renewed Motion for Class Certification [36], filed December 9, 2008, by the following Plaintiffs: K.C.; F.T., a minor, by and through her next friend S.W.; M.N., a minor, by and through her next friend Y.A.; S.H., a minor, by and through her next friend, G.J.; and N.E., a minor, by and through her next friend, P.D. (collectively "Plaintiffs"). The Court also considered the Response [39], filed December 16, 2008, by the following Defendants: Richard Nedelkoff, in his official capacity as Conservator of the Texas Youth Commission; James Smith, in his official capacity as Deputy Commissioner for Residential and Parole Services of the Texas Youth Commission; and Teresa Stroud, in her official capacity as Superintendent of Brownwood State School. The Court also considered Plaintiffs' Reply [47], filed December 30, 2008.[1] After considering the relevant arguments and

---

[1] Plaintiffs' Reply was on file as of January 22, 2009, the date this cause was transferred to this Court.

authorities, the Court is of the opinion that Plaintiffs' Motion for Class Certification should be DENIED.

## I.
## FACTUAL BACKGROUND

This case arises out of incidents allegedly occurring in the Brownwood State School ("Brownwood"), also known as Ron Jackson State Juvenile Correctional Complex. Brownwood is a youth prison exclusively for females operated by the Texas Youth Commission ("TYC"), the juvenile corrections agency of the State of Texas. The named Plaintiffs are or were all confined in Brownwood for various offenses and each brings grievances regarding certain correctional practices and procedures allegedly used by Defendants. Specifically, Plaintiffs assert that Defendants' use of punitive solitary confinement and invasive strip searches violate Plaintiffs' civil rights. Plaintiffs not only bring this action on their own behalf, but also on behalf of all girls and/or women confined in Brownwood or that will be confined in Brownwood in the future.[2]

## II.
## PROCEDURAL HISTORY

Plaintiffs filed their Original Complaint along with their initial motion for class certification in the Western District of Texas with the Honorable Sam Sparks, United States District Judge, on June 12, 2008. Plaintiffs subsequently amended their complaint on September 24, 2008. After Plaintiffs failed to obtain service of summons on Defendants, on October 3, 2008, Judge Sparks dismissed Plaintiffs' motion for class certification without

---

[2] Plaintiffs note that two of the original five Plaintiffs–F.T. and N.E.–are no longer confined in Brownwood and only those Plaintiffs who are currently confined in Brownwood–K.C., T.R., and H.C.–seek to represent the class.

prejudice and gave Plaintiffs twenty days to obtain summons and serve Defendants. Defendants jointly answered Plaintiffs' Amended Complaint on December 2, 2008. Three days later, Defendants moved to transfer this case to the Northern District of Texas for the convenience of the parties under 28 U.S.C. § 1404(a). Judge Sparks granted this motion to transfer on January 20, 2009. Before the Western District court transferred this cause, Plaintiffs filed a Renewed Motion for Class Certification on December 9, 2008, which is now before this Court.

### III.
### STANDARD

For an action to proceed as a class action, the court must first certify a class. To obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements as well as the requirements of Rule 23(b)(1), (2), or (3). *See* Fed. R. Civ. P. 23; *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007). Rule 23(a) requires a plaintiff to show that (1) the class is so numerous that joinder of all members to suit is impracticable (numerosity), (2) there are questions of law or fact common to the class (commonality), (3) the claims or defenses of the representative are typical of the class (typicality), and (4) the representative will fairly and adequately represent and protect the interests of the class (adequacy of representation). *See* Fed. R. Civ. P. 23(a). If a party successfully shows that the requirements in Rule 23(a) are met, the party must also satisfy one of the three requirements under Rule 23(b). Rule 23(b)(2) permits a court to certify a class if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). To qualify for class-wide injunctive relief, class members must have been harmed in essentially the same way and injunctive relief must predominate over monetary damage claims. *Maldonado*, 493 F.3d at 524.

It is the party seeking certification who bears the burden of establishing that the requirements of Rule 23 have been met. *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003).

A district court is granted "substantial discretion" in the decision whether to certify a class. *J. R. Clearwater, Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 180 (5th Cir. 1996) (order denying certification is not appealable as a matter of right until conclusion of the litigation).[3] The Fifth Circuit will review a district court's decision to certify only upon a showing that the court abused its discretion or applied incorrect legal standards in reaching its decision. *Pederson v. La. State Univ.*, 213 F.3d 858, 866 (5th Cir. 2000).

## IV.
## DISCUSSION

Plaintiffs claim that they can meet each of the requirements under Rule 23(a) and Rule 23(b)(2) and urge the Court to certify the class. Defendants contend that Plaintiffs have failed to establish any of the requirements of Rule 23. The failure of Plaintiffs to establish any one of the requirements in Rule 23 will result in a denial of certification. *See* Fed. R. Civ. P. 23.

Of the requirements in Rule 23(a), the Court is of the opinion that Plaintiffs have not met their burden in establishing either typicality or adequacy of representation. The test for typicality "is not demanding," but "it focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001). Typicality does not require a complete identity of claims; rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. *Id.* Factual differences will not

---

[3]Despite this discretion, a district court must rigorously analyze the prerequisites for certifying a class before granting certification. *Maldonado*, 493 F.3d at 523.

defeat typicality if claims arise from a similar course of conduct and share the same legal theory. *Id.* Adequacy of representation addresses whether counsel is both competent and zealous in defending not only the named plaintiffs' rights, but also those of the class. *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001). Adequacy of representation also requires an examination of the proposed class representatives to determine whether there exist any potential conflicts of interests between the named plaintiffs and the class. *Id.* Because absent class members are conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded. *Id.*

Plaintiffs argue that the requirement of typicality is satisfied because "each girl suffers the same legal violation" whenever they are placed in solitary confinement or subjected to a strip search, regardless of their individual disciplinary history. Defendants counter that this cannot be true because whether one is subjected to solitary confinement or a strip search is dependent not only upon an individual's immediate actions but also upon the individual's disciplinary history. Defendants allege that the named Plaintiffs have a more severe disciplinary history than other girls in Brownwood, implying the existence of a unique defense Defendants may have against the named Plaintiffs that they would not have against other girls subjected to the same treatment. A court may refuse to certify a class represented by a plaintiff if the plaintiff is subject to unique defenses not assertable against other class members. *See Feder v. Electronic Data Systems Corp.*, 429 F.3d 125, 137 n.17 (5th Cir. 2005) (citing *Warren v. Reserve Fund, Inc.*, 728 F.2d 741, 747 (5th Cir. 1984)); *see also In re FirstPlus Financial Group, Inc., Securities Litigation*, No. Civ. A. 3:98-CV-2551-M, 2002 WL 31415951, *4 (N.D. Tex. Oct. 28, 2002). To deny class

certification based upon a unique defense, a defendant must show some degree of likelihood that the unique defense will play a significant role at trial. *See, e.g.*, *Beck v. Maximum, Inc.*, 457 F.3d 291, 300 (3d Cir. 2006). The concern, whether it is stated under the requirement of typicality or adequacy of representation, is that representation of the class will suffer if the named plaintiff becomes preoccupied with addressing defenses that are applicable only to the plaintiff. *Warren*, 728 F.2d at 747.[4]

Defendants assert that unlike many of the girls at Brownwood, Plaintiffs have "severe disciplinary histories," which justified the disciplinary procedures or practices used against named Plaintiffs. (*See* Def.'s Resp. at 10-11.) Such a defense will not only force Plaintiffs to focus time and resources away from matters relevant to the entire class, but, assuming Defendants' asserted facts are proved true, it could lead to a conclusion that while the challenged practices and procedures did not violate Plaintiffs' civil rights, such practices would violate the civil rights of girls with less severe disciplinary histories. If this occurred, class certification would effectively bar class members with legitimate grievances from having their complaint heard in court. As such, this Court cannot find that Plaintiffs' claims are typical among the other girls or that their representation is adequate. Class certification will be denied.[5]

---

[4]While the Court notes that the typicality test is whether Plaintiffs' claims are typical and not whether the named Plaintiffs are typical of the class, *see Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002), in this case, the uniqueness of Plaintiffs' disciplinary history does raise potential defenses that appear to be atypical of the class.

[5]Of course, should discovery reveal that Defendants' asserted defense is without merits, the Court might reconsider its current stance on class certification.

## V.
## CONCLUSION

For the reasons stated herein, Plaintiffs' Renewed Motion for Class Certification is **DENIED**.

SO ORDERED.

Dated February 4, 2009.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT