IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| K.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHERIE TOWNSEND, in her official | ) | |
| capacity as Executive Director of the | ) | |
| Texas Youth Commission, et al., | ) | |
| | ) | Civil Action No. 6:09-CV-012-C |
| Defendants. | ) | ECF |

**ORDER**

On this day the Court considered the Third Motion for Class Certification [#66], filed on April 8, 2009, by Plaintiffs K.C. and H.C. (Plaintiffs). The Court also considered the Response [#71] filed on May 8, 2009, by the following Defendants: Cherie Townsend, in her official capacity as Executive Director of the Texas Youth Commission; James Smith, in his official capacity as Deputy Commissioner for Residential and Parole Services of the Texas Youth Commission; and Thomas Adamski, in his official capacity as Superintendent of the Ron Jackson Facility. The Court also considered Plaintiffs' Reply [#76], filed May 22, 2009.[1]

This is the second time the Court has considered a motion by Plaintiffs to certify a class and appoint Plaintiffs as class representatives and the third such motion Plaintiffs have filed in this action. The Court denied a prior motion to certify, finding that Defendants showed some

---

[1] In the Reply, Plaintiffs represent that only H.C. continues to pursue these claims because K.C. no longer resides in the Brownwood State School. (*See* Pls.' Reply [#76], 2.) Although H.C. is the only remaining proposed class representative, for purposes of this Order, the Court will continue to refer to the Plaintiffs in the plural.

degree of likelihood that defenses unique to the proposed class representatives would play a significant role in trial. The Court concluded that Plaintiffs were unable to prove one or more of the necessary elements for the Court to certify the class and appoint Plaintiffs as class representatives. However, in denying the motion to certify the class, the Court noted that it might reconsider its finding should discovery reveal that Defendants' alleged "unique defenses" were without merit or untenable.

Plaintiffs now file this motion, arguing that discovery has revealed that Defendants' unique defenses argument is indeed without merit. Although Plaintiffs contend that new facts reveal that a class should be certified, the Court is of the opinion that the discovered facts do not reveal such. Therefore, after considering the relevant arguments and authorities, the Court remains of the opinion that Plaintiffs' motion to certify a class should be **DENIED**.

## I.
## PERTINENT BACKGROUND FACTS AND PROCEDURE

As discussed in the Court's prior order denying class certification, this case arises out of incidents allegedly occurring in the Brownwood State School ("Brownwood"), also referred to as the Ron Jackson State Juvenile Correctional Complex. Brownwood is a youth prison exclusively for females operated by the Texas Youth Commission ("TYC"), the juvenile corrections agency of the State of Texas. The named Plaintiffs are or were all confined in Brownwood for various offenses and each brings grievances regarding certain correctional practices and procedures allegedly used by Defendants. Specifically, Plaintiffs assert that Defendants' use of "punitive solitary confinement" and "invasive strip searches" violate Plaintiffs' civil rights. Plaintiffs not only bring this action on their own behalf, but also on behalf of all girls confined in Brownwood or that will be confined in Brownwood in the future.

2

On June 12, 2008, Plaintiffs filed their Original Complaint and their first Motion for Class Certification before the Honorable Sam Sparks, United States District Judge of the Western District of Texas. In Plaintiffs' Original Complaint, the named plaintiffs included K.C., F.T., M.N., S.H., and N.E., and the named defendants included Richard Nedelkoff, in his official capacity as Conservator of the TYC (Nedelkoff), James Smith, in his official capacity as Deputy Commissioner for Residential and Parole Services of the TYC (Smith), and Teresa Stroud, in her official capacity as Superintendent of Brownwood (Stroud). Plaintiffs subsequently amended their complaint on September 24, 2008, dropping M.N. and S.H. as plaintiffs and adding T.R. and H.C. Plaintiffs also added Cherie Townsend, in her official capacity as Executive Director of the TYC (Townsend), as a named defendant.

On October 3, 2008, Judge Sparks dismissed Plaintiffs' motion for class certification without prejudice to refiling because Plaintiffs had failed to obtain service of summons on the named defendants. Judge Sparks gave Plaintiffs twenty days to obtain summons and serve Defendants. Thereafter, each Defendant filed a Waiver of Service, answered Plaintiffs' Amended Complaint, and then moved to transfer the case to the Northern District of Texas. Before Judge Sparks had considered the motion to transfer, Plaintiffs filed a Renewed Motion for Class Certification [#36] on December 12, 2008. In the Renewed Motion for Class Certification, Plaintiffs noted that two of the named Plaintiffs in the Amended Complaint, F.T. and N.E., no longer sought to represent the class because they no longer resided at Brownwood. (Pls.' Mot. [#36], 2 n.1.)

On January 20, 2009, Judge Sparks granted Defendants' Motion to Transfer and transferred Plaintiffs' case, including Plaintiffs' Renewed Motion for Class Certification, to this

3

Court.  On February 4, 2009, the Court denied Plaintiffs' Renewed Motion for Class Certification on the grounds that Defendants showed some degree of likelihood that defenses unique to the proposed class representatives would play a significant role at trial.  (*See* Feb. 04, 2009 Order [#61], 6.)  In the Order, the Court noted that "should discovery reveal that Defendants' asserted defense is without merits, the Court might reconsider its current stance on class certification."  (*See* Feb. 04, 2009 Order [#61], 6 n.5.)  Two months later, Plaintiffs K.C. and H.C. filed their Third Motion for Class Certification, claiming that Defendants' "unique defenses" was without merits.  Plaintiffs also represented that as of the filing of the Third Motion for Class Certification, only K.C. and H.C. remained confined at Brownwood and continued to seek appointment as class representatives and that T.R. no longer sought to represent the class. (Pls.' Mot. [#66] at 7 n.3.)

After moving for an extension, Defendants filed their response to Plaintiffs' motion and an Unopposed Motion to Substitute Party.  The Court granted the motion to substitute, terminating Nedelkoff and Stroud from the case and adding Thomas Adamski, in his official capacity as Superintendent of the Ron Jackson Facility, a/k/a Brownwood.  On May 14, 2009, Plaintiffs filed an unopposed motion for leave to file a reply, which the Court granted.  Plaintiffs filed their Reply on May 22, 2009, representing that of the remaining plaintiffs, only H.C. continues to pursue these claims.  Now, about one year after the Plaintiffs initially filed their Complaint and sought to certify the class, the Court considers Plaintiffs' Third Motion for Class Certification.

## II.
## STANDARD

For an action to proceed as a class action, the court must first certify a class. To obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements as well as the requirements of Rule 23(b)(1), (2), or (3). *See* Fed. R. Civ. P. 23; *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007). Rule 23(a) requires a plaintiff to show that (1) the class is so numerous that joinder of all members to suit is impracticable (numerosity), (2) there are questions of law or fact common to the class (commonality), (3) the claims or defenses of the representative are typical of the class (typicality), and (4) the representative will fairly and adequately represent and protect the interests of the class (adequacy of representation). *See* Fed. R. Civ. P. 23(a). If a party successfully shows that the requirements in Rule 23(a) are met, the party must also satisfy one of the three requirements under Rule 23(b). Rule 23(b)(2) permits a court to certify a class if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). To qualify for class-wide injunctive relief, class members must have been harmed in essentially the same way and injunctive relief must predominate over monetary damage claims. *Maldonado*, 493 F.3d at 524. It is the party seeking certification who bears the burden of establishing that the requirements of Rule 23 have been met. *Bell Atlantic Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003). The failure of Plaintiffs to establish any one of the requirements in Rule 23 will result in a denial of certification. *See* Fed. R. Civ. P. 23.

A district court is granted "substantial discretion" in the decision whether to certify a class. *J. R. Clearwater, Inc. v. Ashland Chem. Co.*, 93 F.3d 176, 180 (5th Cir. 1996) (order

denying certification is not appealable as a matter of right until conclusion of the litigation).[2]

The Fifth Circuit will review a district court's decision to certify only upon a showing that the court abused its discretion or applied incorrect legal standards in reaching its decision. *Pederson v. La. State Univ.*, 213 F.3d 858, 866 (5th Cir. 2000).

### III.
### DISCUSSION

The Court continues to be of the opinion that Defendants have raised unique defenses that prevent the Court from certifying the class.[3] A court may refuse to certify a class if the proposed class representatives are subject to unique defenses not assertable against other class members. *See Feder v. Electronic Data Systems Corp.*, 429 F.3d 125, 137 n.17 (5th Cir. 2005) (citing *Warren v. Reserve Fund, Inc.*, 728 F.2d 741, 747 (5th Cir. 1984)); *see also In re FirstPlus Financial Group, Inc., Securities Litigation*, No. Civ. A. 3:98-CV-2551-M, 2002 WL 31415951, *4 (N.D. Tex. Oct. 28, 2002). To deny class certification based upon a unique defense, a defendant must show some degree of likelihood that the unique defense will play a significant role at trial. *See, e.g.*, *Beck v. Maximum, Inc.*, 457 F.3d 291, 300 (3d Cir. 2006). The concern,

---

[2]Despite this discretion, a district court must rigorously analyze the prerequisites for certifying a class before granting certification. *Maldonado*, 493 F.3d at 523.

[3]Plaintiffs continue to imply that the so called "unique defenses" doctrine does not apply outside of class actions involving securities law. While Plaintiffs are correct in asserting that the unique defense doctrine developed in class actions involving securities law claims, Plaintiffs fail to show why the underlying concerns of the doctrine do not apply beyond securities law. It is true of any class action that if a class representative is subject to defenses that do not apply to the class as a whole and if such defenses play a significant role at trial, the class representative will be forced to allocate time and resources away from matters pertinent to the class in order to defend against matters applicable only to the class representative, which could impede the class representative's ability to adequately represent the class's interests. This is a legitimate ground for a court to deny class certification.

whether it is stated under the requirement of typicality or adequacy of representation, is that representation of the class will suffer if the named plaintiff becomes preoccupied with addressing defenses that are applicable only to the plaintiff. *Warren*, 728 F.2d at 747. The failure of Plaintiffs to establish any one of the requirements in Rule 23 will result in a denial of certification. *See* Fed. R. Civ. P. 23.

Defendants assert that the proposed class representatives are subject to unique defenses because of their unique and troubled disciplinary history. Plaintiffs contend that H.C.'s disciplinary history is not unique but only "average" compared with that of other girls confined at Brownwood, citing the number of times H.C. had been admitted to "punitive solitary confinement" compared to other girls in Brownwood within given time periods. Defendants contend that H.C.'s disciplinary history is anything but average and that Plaintiffs' definition of disciplinary history is too narrow because it fails to account for other variables important to Defendants' determination of how to handle a particular disciplinary matter. In determining whether to certify the class, the key issue is not whether a proposed class representative's disciplinary history is in fact "average" but whether Defendants have shown some degree of likelihood that defenses unique to the proposed class representatives will play a significant role at trial. While the Court has noted that discovery could reveal that the asserted defense is without merit, the Court is of the opinion that the facts do not reveal such. Instead, discovery has revealed a factual dispute regarding the extent the proposed class representatives' disciplinary history is unique and troubled. This falls short of rebutting that there is some degree of likelihood that the class representatives' unique disciplinary history will play a significant role at trial.

Plaintiffs also contend, without support, that their disciplinary history is not relevant to their claims. The Court cannot agree with this bald assertion. Plaintiffs assert that Defendants' disciplinary policy, on its face and as applied, violates rights secured under the Constitution of the United States. The Defendants' disciplinary policy appears to be at least partially dependent upon a number of external factors, including the individual's past disciplinary history. Hence, in the event a determination must be made as to whether Brownwood's disciplinary policies are "reasonably related to legitimate penological interests," it is difficult to see how the Plaintiffs' individual circumstances, including their disciplinary history, however that term is defined, would not be relevant.[4] The Court will deny Plaintiffs' motion to certify a class action.

## IV.
## CONCLUSION

Therefore, for the reasons stated herein, the Court **DENIES** Plaintiffs' Third Motion to Certify a Class.

SO ORDERED this 10th day of June, 2009.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

---

[4]Plaintiffs do not appear to disagree with the importance of considering Plaintiffs' individual circumstances in determining whether Defendants violated their constitutional and civil rights. (*See, e.g.*, First Am. Compl. 4) ("Defendants are aware that K.C. suffered severe and persistent physical and sexual abuse throughout her childhood. Defendants are also aware that K.C. has been diagnosed with bipolar disorder, mood disorders, and other psychological conditions. Nevertheless, defendants have subjected K.C. to punitive solitary confinement . . . .")