IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| K.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHERIE TOWNSEND, in her official | ) | |
| capacity as Executive Director of the | ) | |
| Texas Youth Commission, et al., | ) | |
| | ) | Civil Action No. 6:09-CV-012-C |
| Defendants. | ) | ECF |

**ORDER**

On this day the Court considered Plaintiff H.C.'s Motion for Leave to Amend the

Complaint and to Join Plaintiffs, filed August 21, 2009, together with the Response filed on

September 10, 2009, by Defendants Cherie Townsend, James Smith, and Thomas Adamski.[1]

The Court also considered Defendants' Motion to Dismiss Plaintiff's Claims As Moot, filed

August 25, 2009, together with H.C.'s Response, filed September 14, 2009.  After considering

the relevant arguments and authorities, the Court is of the opinion that Defendants' Motion to

Dismiss should be GRANTED and H.C.'s Motion to Amend should be DENIED as moot.

**I.**
**BACKGROUND**

As the Court has discussed in prior Orders, this case arises out of incidents allegedly

occurring in the Brownwood State School ("Brownwood"), also referred to as the Ron Jackson

---

[1]Defendants are sued only in their official capacity as representatives of the Texas Youth
Commission and the Ron Jackson Facility, which are agencies of the state of Texas.

State Juvenile Correctional Complex.  Brownwood is a youth prison exclusively for females operated by the Texas Youth Commission ("TYC"), the juvenile corrections agency of the State of Texas.  The persons named as plaintiffs in this suit were all confined in Brownwood for various offenses and each complained of certain correctional practices and procedures allegedly used by Defendants.  Specifically, the named plaintiffs asserted that Defendants' use of "punitive solitary confinement" and "invasive strip searches" violates their civil rights.

The named plaintiffs originally filed this claim in the United States District Court for the Western District of Texas, Austin Division on June 12, 2008.  At that time, H.C., the remaining named plaintiff in this case, was not a party to the suit and the named plaintiffs included K.C., F.T., M.N., S.H., and N.E.  On September 24, 2008, the named plaintiffs amended their complaint, dropping M.N. and S.H. as plaintiffs and adding T.R. and H.C.  Along with the plaintiffs' original complaint, the plaintiffs also filed a Motion for Class Certification, proposing to represent a class consisting of all the girls currently confined in Brownwood or that would be confined in Brownwood in the future.  Judge Sam Sparks dismissed the plaintiffs' motion for class certification without prejudice.

The plaintiffs filed a Renewed Motion for Class Certification on December 12, 2008, and noted that two of the named plaintiffs in the Amended Complaint no longer resided at the Brownwood facility and, thus, no longer sought to represent the class. While the second motion for class certification was pending, the case was transferred to this Court.  On February 4, 2009, this Court denied the plaintiffs' Renewed Motion for Class Certification.  On April 8, 2009, plaintiffs filed a third motion to certify a class and represented that only K.C. and H.C. remained

confined at Brownwood and continued to seek appointment as class representatives.  The Court denied this motion on June 10, 2009.

On August 21, 2009, H.C. filed a motion for leave to amend her complaint and add two persons who are still confined in Brownwood.  H.C. attached to her motion the proposed amended complaint adding the two plaintiffs, and a proposed motion to certify a class, which H.C. contends will adequately address the Court's concerns that led to the denial of the prior two motions to certify.  The day after H.C. filed this motion, H.C. was released from Brownwood. Defendants then filed their motion to dismiss several days later, arguing that H.C.'s claims have become moot.

## II.
## STANDARD

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1).  Lack of subject matter jurisdiction may be found in any one of three instances:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995).  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute.  *Williamson v. Tucker*, 645 F.2d 404, 413 (1981).

3

**III.**

**DISCUSSION**

Defendants move to dismiss this case because H.C., the only remaining plaintiff, no longer resides at Brownwood and the case is now moot.  It is well established that federal courts may only act upon a justiciable case or controversy and lack the power to review cases which have become moot.[2]  An action is moot when the controversy is no longer live or the parties lack a personal stake in its outcome.[3]  The key to the mootness inquiry is whether the Court can provide the plaintiff with any meaningful or effective relief.[4]  It is uncontested that on August 22, 2009, H.C. was released from TYC custody and no longer resides in Brownwood.  (*See* Defs.' Mot. Dismiss App. 3.)  Hence, any injunctive relief that the Court could provide to protect H.C. from Brownwood's allegedly unconstitutional practices would no longer be meaningful to H.C. Even so, H.C. contends that this case should not be dismissed because this is a putative class action and at least some of the proposed class members have a continuing live interest in the case.

At issue here is the second prong of the mootness inquiry, whether the parties have a personal stake in the outcome.[5]  When raised in the context of a class action, the personal stake requirement is subject to a number of exceptions.  The general principle is that once a class

---

[2]*See* U.S. Const., Art. III § 2; *S.E.C. v. Med. Comm. for Human Rights*  404 U.S. 403, 406-407 (1972); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990).

[3]*Rocky*, 900 F.2d at 867.

[4]*See In re Avantel, S.A.*, 343 F.3d 311, 323 (5th Cir. 2003).

[5]Defendants do not appear to contest the first prong of the mootness inquiry, whether the controversy over the alleged practices used at Brownwood is live as to those girls continuing to reside there.

action has been certified, the named plaintiff may continue to represent the class even if the named plaintiff's claims become moot thereafter.[6]  In such a case, the plaintiff's personal stake in the litigation is in representing the class.  As the Fifth Circuit has explained, "the act of certification [brings] the unnamed members of the class before the court for Article III purposes; so as long as their claims [are] justiciable, the mootness of the original named plaintiff's claim [will] not require dismissal."[7]  Hence, when a class is certified, "the class [takes] the place of [the] named plaintiffs for Article III purposes" and the named plaintiff assumes "provisional" Article III status.[8]  The corollary to this principle is that if a plaintiff's personal claims become moot before a class is certified, then the case must be dismissed as moot.[9]  However, a plaintiff does have a limited right to appeal a denial of class certification even after the plaintiff's personal claims become moot, provided that the action was not moot at the time the district court denied the motion to certify.[10]  In circumstances where a claim is so "inherently transitory" that the plaintiff could not have maintained a justiciable case long enough to procure a decision on

---

[6]*See Sosna v. Iowa*, 419 U.S. 393, 399 (1975); *see also U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980) (noting that even if "there is no chance that the named plaintiff's expired claim will reoccur," that is, that the named plaintiff's claims could fall under an exception to the mootness doctrine,  "mootness still can be avoided through certification of a class prior to expiration of the named plaintiff's personal claim.")

[7]*Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045-46, 1048 (5th Cir. 1981) (citing *Sosna*, 419 U.S. at 399).

[8]*Id.*

[9]*Id.* at 1045.

[10]*See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1980); *but see Dugas v. Trans Union Corp.*, 99 F.3d 724, 728 (5th Cir. 1996) (holding "that a voluntary settlement, absent any reservation of a right to appeal the certification decision, prevents the class representative from appealing the adverse certification order.").

the issue of class certification, a plaintiff may continue to pursue a pending motion for class

certification even though the plaintiff's claims became moot after the plaintiff filed the motion.[11]

In such situations, the named plaintiff's personal stake in the litigation is said to "relate back" to

the time the motion for certification was denied or the motion to certify was filed, that is, before

the plaintiff no longer had a personal stake in the litigation.[12]  Although narrow readings of this

relation-back doctrine would limit it to those circumstances where a plaintiff's claims are also

"capable of repetition yet evading review," the broader readings of this doctrine would perhaps

invoke this "provisional" Article III status upon the filing of a class action complaint, at least

until a district court has had a reasonable opportunity to make a final determination on the issue

of class certification.[13]

_____

[11]*Geraghty*, 445 U.S. at 399 (noting that a court may consider a motion to certify a class notwithstanding the mootness of the named plaintiff's claims when such claims are so inherently transitory that no court could consider the motion to certify before the plaintiff loses a personal interest in the action) (citing *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1974))*; Zeidman*, 651 F.2d at 1045, 1047 n.13 (holding that a court may consider a pending motion to certify despite the mootness of the plaintiff's personal claims when those claims were prematurely mooted by the defendant's actions).

[12]*See Rocky v. King*, 900 F.2d 864, 867-68 (1990) (noting the relation-back doctrine's applicability to appeals of denials of class certification); *see, e.g.*, *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 390 n.11 (5th Cir. 2003) ("[T]he relation back doctrine . . . is applied to inherently transitory claims and cases in which defendants tender plaintiffs their personal claims. In both, the plaintiff's claim is prematurely mooted, thus justifying his continuance as class representative." (citations omitted)).

[13]The Fifth Circuit has noted that under a broad view of the relation-back doctrine, a proper class action complaint brings the members of the class before the Court for Article III purposes "at least for such a provisional period of time as the court reasonably would require to consider certification." *Zeidman*, 651 F.2d at 1048.  Hence, "[t]his 'provisional' Article III status would not depend on a finding that the controversy [is] so transitory that absent the doctrine no class could ever be certified, but would instead be available whenever the suit present[s] an adversary relationship sufficient to meet the requirements of Article III." *Id.* (citing *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 342 (1980) (Stevens, J., concurring)).

6

Even under the broadest reading of these rules, applying such provisional Article III status to this case seems inappropriate. Although H.C. has previously moved to certify this case as a class action, the Court has denied these motions and there is currently no pending motion to reconsider these denials. H.C. did attach a renewed motion to certify a class to her motion for leave to amend, but this motion is not before the Court. It was not filed as a separate motion and the caption represents that it is to be filed by the proposed additional plaintiffs who have not been added to this case. The Court is also persuaded against applying the relation-back doctrine to H.C.'s motion to amend. For over a year, the named plaintiffs have had more than a reasonable opportunity to certify a class. H.C. has filed two such motions, both of which have been considered and denied on the merits. The named plaintiffs have also had ample opportunity to amend their complaint. The remaining plaintiff in this case, H.C., was joined in an amended complaint and this case has proceeded at least to the point that the deadline to amend the pleadings in the Court's scheduling order has passed. While H.C. might argue that her first opportunity to join the particular plaintiffs listed in her amended complaint did not arise until the day before she was released from Brownwood, this does not support an argument that H.C. has been prevented from seeking class certification.[14] Even the broadest possible readings of the class action exceptions are limited to providing a plaintiff a reasonable opportunity to pursue class certification, an opportunity that H.C. has had ample opportunity to explore.[15] Despite this,

---

[14]See *Dugas v. Trans Union Corp.*, 99 F.3d 724, 727 (5th Cir. 1996) (noting that a common feature in cases like *Zeidman v. J. Ray McDermott & Co.*, where the court applied the relation-back doctrine, is "the plaintiffs lost their claims *involuntarily*" before having an opportunity to file a motion to certify).

[15]See *Zeidman*, 651 F.2d at 1048.

Plaintiff asserts that "under Fifth Circuit precedent, dismissing this putative class action on mootness grounds would be improper" because "an amended complaint and a renewed motion for class certification were filed *before* H.C.'s individual claim was mooted." (Pl.'s Resp. at 12).[16]  H.C. essentially argues that because this is a putative class action and H.C. has sought to join additional parties whose claims are presumably not moot, H.C.'s claims should relate back to the time she filed her motion to amend and provisional Article III status should apply to give the Court a reasonable opportunity to consider the motion on the merits. (*See* Pl.'s Resp. 8.)

H.C. cites *Cruz v. Hauck*, 627 F.2d 710 (5th Cir. 1980), to support her argument.  In *Cruz*, the plaintiffs, prisoners in the Bexar County Jail in San Antonio, Texas, challenged certain practices in the Bexar County Jail as unconstitutional and sought injunctive and declaratory relief.  Litigation ensued over the next five years, and by the time the plaintiffs had appealed the lower court's ruling a third time, the plaintiffs were no longer confined in the jail.  On that third appeal, the Fifth Circuit noted that although no formal class certification had been obtained, the plaintiffs had obtained an informal class certification, reasoning that the lower court had effectively certified the class by treating the case as if it were a class action.  Based on this finding, the Fifth Circuit held that the case was not moot even though the plaintiffs had been out of prison for some time and remanded the case for further consideration on the merits.[17]  While

---

[16]As previously noted, the amended complaint and renewed motion for certification were filed as attachments to H.C.'s motion for leave to amend and are not before the Court.  These motions have no influence on the mootness inquiry.

[17]This holding, found in *Cruz v. Hauck*, 515 F.2d 322, 325 n.1 (5th Cir. 1975), decided June 30, 1975, is in accord with the exception that the Supreme Court recognized in *Sosna v. Iowa*, 419 U.S. 393 (1975), decided January 14, 1975.  *See Sosna*, 419 U.S. at 399 (holding that once a class is certified, the named plaintiff obtains provisional Article III status and may continue to represent the class as its class representative even after the plaintiff's individual

on remand, the lower courts required the plaintiffs to replead the action.  The plaintiffs complied

with the order and again represented that they sought to represent a class action.  Shortly

thereafter, the named plaintiffs formally moved for class certification and sought to amend their

complaint to add an additional plaintiff who remained in the Bexar County Jail.  After the lower

court denied the motion to amend, the defendants moved to dismiss the case as moot, noting that

the plaintiffs were no longer prisoners of the jail at the time they filed their repleaded complaint.

The lower court considered the motion to certify about a year later and denied the motion as

moot.[18]

The plaintiffs appealed the lower court's ruling, and the Fifth Circuit reversed and held

for a second time that the plaintiff's claims were not moot.[19]  This time, the court reasoned that

> [t]he plaintiffs have vigorously litigated this case for more than ten years, and
> they moved for certification of the class immediately after repleading their
> complaint. Aside from the fact that this case was treated as a class action by all
> concerned until it had been in progress more than five years, the facts of this case
> make it clear that the plaintiffs' claims are "capable of repetition, yet evading
> review." Furthermore, the plaintiffs properly tried twice to add an additional
> named plaintiff.  Moreover, had the certification hearing been held within a
> reasonable time, one of the named plaintiffs would have been in jail and there
> would have been no question about the propriety of certifying the class.  In view
> of all these circumstances, the denial of class certification was erroneous, and we
> must again reverse and remand.[20]

---

claims become moot).

[18]*Cruz*, 627 F.2d at 712-14.  In dismissing the case, the lower court also denied a renewed
motion to amend the complaint, wherein the plaintiffs sought to add the same party as before;
only this time, that party was no longer in the jail.  *Id.* at 714.

[19]*Id.* at 722.

[20]*Id.* at 718-19.

The Court is wary of reading one of *Cruz*'s alternative bases, that the plaintiffs "tried twice to add an additional named plaintiff," as an independent basis upon which H.C. can invoke provisional Article III status.[21]   The Fifth Circuit did not consider these alternative grounds independently, but as a whole, noting that "[i]n view of *all* these circumstances, the denial of class certification [by the lower court] was erroneous."[22]   To apply these alternative bases independently would appear to stretch the *Cruz* opinion further than the Fifth Circuit intended, something that the Fifth Circuit has previously cautioned against with respect to *Cruz*.[23]   *Cruz*'s primary concern appears to be addressing the apparent "unreasonableness" of the lower court. By requiring the plaintiffs to replead their case on remand, the lower court created a mootness issue that had been previously resolved by the Fifth Circuit on a prior appeal and then prevented the named plaintiffs from curing any mootness issue presumably created by the court's order, such as by refusing to allow the plaintiffs to add an additional party.[24]   Hence, it appears that the Fifth Circuit noted the plaintiffs' attempts to add an additional party not to identify an

---

[21]*See Cruz,* 627 F.2d at 718 ("It is true that at the time the repleaded complaint was filed and the motion for certification made, none of the named plaintiffs were in the jail.  However, aside from the fact that the claims of the named plaintiffs were "capable of repetition, yet evading review," the plaintiffs also attempted to add a named plaintiff who was confined in the jail.").

[22]*Id.* at 719 (emphasis added).

[23]*See Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1048 n.14 (5th Cir. 1981); *see also Rocky v. King*, 900 F.2d 864, 670 n.5 (1990).

[24]The Fifth Circuit explained that at least by the time the plaintiffs had filed a second motion to amend, the lower court should have realized that its initial reasons to deny the plaintiffs' first motion to add the additional party were mistaken.  *Cruz*, 627 F.2d at 718. Equally disturbing to the Fifth Circuit was the lower court's "unreasonable" delay in ruling on the motion to certify, especially when the facts demonstrated that while the motion to certify was pending, one of the named plaintiffs had returned to jail and could have cured any mootness concerns had the lower court timely considered the motion.  *Id.* at 717-18.

independent basis upon which future plaintiffs in purported class action disputes could invoke provisional Article III status, but to further illustrate the "unreasonableness" of the lower court. Later readings concur with this view, reading *Cruz* as holding that a court's delay in ruling on a motion to certify can justify the invocation of provisional Article III status.[25]  The facts and procedural history in this case are simply not analogous to those in *Cruz*.  The Court is not persuaded that *Cruz* supports H.C.'s contention.

H.C. also cites *Jones v. Diamond,* 519 F.2d 1090, 1097 (5th Cir. 1975), and contends that "[a]s long as a *potential* class exists that presents a live controversy, the status of any particular named plaintiff's claim is irrelevant." (Pl.'s Resp. at 13).  *Jones*, however, simply recognized that given the facts of the case, which involved pretrial detainees seeking to certify a class on behalf of all pretrial detainees in a certain jail, the named plaintiffs' claims were "inherently transitory" and capable of repetition yet evading review.[26]  *Jones* does not say that whenever a potential class with a live controversy exists, the status of plaintiff's claim is irrelevant, a position that is inconsistent with other authority.  In *Sannon v. United States*, the Fifth Circuit dismissed the named plaintiffs' case as moot despite there being in existence a "potential class" because the named plaintiffs "never moved the court for class certification and thus never solidified the requisite Article III adverseness."[27]  Although H.C. has moved for class

---

[25]*See Rocky*, 900 F.2d at 870 n.5; *Zeidman*, 651 F.2d at 1047 n.13 & 1048 n.14; *see also Camp v. Allstate Ins. Co.*, 100 F.3d 953 (5th Cir. 1996) (unpublished) ("*Cruz* is more properly limited, by its facts, to the proposition that where a delay in ruling on class certification may render a live controversy moot, it is error to dismiss a case for mootness before first attending the certification issues.").

[26]In so holding, the Court noted that the claims were of that class that were capable of repetition, yet evading review.

[27]*See* 631 F.2d 1247, 1252 (5th Cir. 1980).

11

certification, the Court has made a final determination as to that matter.  Hence, as in *Sannon*, it is questionable whether "Article III adverseness" can continue when H.C.'s individual claims are undoubtedly moot and the Court has already considered the merits of multiple motions to certify.[28]

H.C. also appears to argue that despite the Court's previous denials of class certification, this case should be treated as if it were a class action because "[t]he Fifth Circuit has *directed* district courts to certify a class in cases similar to this one," citing *Johnson v. City of Opelousas*, in support.[29]  (*See* Pl.'s Resp. at 8.)  *Johnson* is not instructive.  In *Johnson*, the lower court denied a motion to certify a class despite finding that the named plaintiff met all the factors under Rule 23, reasoning that certification was unnecessary because any benefit that plaintiff could obtain individually would "inure to the benefit of others similarly situated."[30]  The Fifth Circuit reversed, finding that the likelihood of plaintiff's claims becoming moot during the course of the proceeding made certification necessary.[31]  Here, the Court denied certification because H.C. and the prior named plaintiffs *failed* to meet the factors under Rule 23.  The Court expressed no opinion as to whether or not certification would have been necessary had the named plaintiffs met the factors under Rule 23.

The Court is of the opinion that H.C. is precluded from arguing her motion to amend unless there is an exception to the mootness doctrine that is applicable to H.C. personally.  While

---

[28]*See id.*

[29]658 F.2d 1065, 1068-71 (5th Cir. 1981).

[30]*Johnson*, 658 F.2d at 1070.

[31]In *Johnson*, the plaintiff was a minor challenging a law applicable only to minors.  *Id.*

H.C. appears to contend that her claims are "capable of repetition yet evading review," H.C. has failed to prove that her claims, as opposed to the claims of the class in general, are actually capable of repetition, that is, that H.C. could ever return to Brownwood.[32]  Absent a finding of any exception applicable to H.C. personally or some circumstance justifying the application of provisional Article III status, the Court is of the opinion that H.C. is precluded from arguing the merits of her motion to amend because her claims are moot.  Therefore, the Court will grant Defendant's motion to dismiss and deny H.C.'s motion for leave to amend.

### IV.
### CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss is GRANTED and H.C.'s Motion for Leave to Amend the Complaint and to Join Plaintiffs is DENIED as moot.[33]

All relief not specifically given herein is denied.

SO ORDERED.

Dated September 29, 2009.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

---

[32]*See Benavides v. Housing Authority*, 238 F.3d 667, 671 (5th Cir. 2001) (burden to show exception to mootness doctrine on the party moving for the exception).

[33]Nothing in this order should be construed as addressing the claims of those persons who continue to reside in Brownwood, including the proposed plaintiffs to be joined in H.C.'s Amended Complaint.  This order expresses no opinion as to the justiciability of those claims, the merits of those claims, or the merits of any future motions for class certification to be filed by persons continuing to reside in Brownwood.